UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROGERS,

              Plaintiff,

-against-

BEYONCE G. KNOWLES CARTER;
PARKWOOD ENTERTAINMENT; TIBERIUS
CHISLOM STRYKER,

              Defendants.

24-CV-6253 (LTS)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated August 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this suit against the singer, songwriter, and businesswoman Beyonce Knowles-Carter, and her entertainment company, Parkwood Entertainment. Plaintiff also names Tiberius Stryker, who is not identified. Plaintiff states that his claims arose in New York in summer 2023. He makes the following allegations:

> Roundup legal team issued a check for me for my grandma Josephine Roger for her death [illegible] to the use of their products. Tiberius stole the check and then deposited against her account in the amount of 423 million. Proof of this is that she is listed twice in Forbes last year for the exact amount. He [illegible] against her personal account. She + her husband are listed there she is listed against for the check cashed. It was my claim + I am the only one authorized to cash that check.

> Tiberious used the said money to provide a fictitious payment towards my deceased brother for a rape that he [illegible[ because he hated what I look like. He made music about it all.

(ECF 1 at 5-6.)[1]

In response to the question on the form complaint about the relief that Plaintiff is seeking, Plaintiff states:

> Because She + I were lied too by this man. I wish to quietly settle this matter without harm to either her career or my life.

(*Id.* at 6.)[2]

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

[2] Plaintiff does not mention Beyonce or Parkwood Entertainment in the body of the complaint. It is unclear whether "she" might refer to Defendant Carter-Knowles.

the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff has not invoked the Court's federal question jurisdiction, and the allegations of the complaint do not obviously suggest any claim arising under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation

4

omitted). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its headquarters).

Plaintiff lists an address for himself in Manhattan and states that he is a citizen of New York. (ECF 1 at 3.) He also identifies Defendant Knowles-Carter as a citizen of New York. *Id.* at 3-4.) Plaintiff has not pleaded facts about where Defendant Parkwood Entertainment is incorporated or has its principal place of business. He also has not pleaded facts about where Defendant Stryker is domiciled. Because Plaintiff alleges that he and at least one defendant are both citizens of New York, diversity of citizenship is not complete. Moreover, it is Plaintiff's burden to plead facts about the citizenship of each defendant, and he has failed to plead facts about the citizenship of all defendants. Plaintiff thus fails to demonstrate that the Court has diversity jurisdiction of this action.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defect unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). The Court therefore grants Plaintiff leave to file an amended complaint, if he chooses to do so (rather than proceeding in a

state court of general jurisdiction), and if he can allege facts showing that the federal court has subject matter jurisdiction of this action.

As a citizen of New York, Plaintiff cannot pursue claims against defendants who are citizens of New York under the Court's diversity jurisdiction. If the New York defendants are dispensable parties, Plaintiff may drop them from this action and proceed against defendants who are citizens of a State other than New York.

If Plaintiff chooses to file an amended complaint in this action, the Court further directs Plaintiff to allege facts about what each defendant named in the amended complaint did or failed to do that violated Plaintiff's rights. If Plaintiff files an amended complaint, it should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 7, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge